COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-460-CR

RICKY JOHN MARKS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Ricky John Marks appeals from a conviction for indecency with a child—exposure.  A jury convicted him of the offense and assessed his punishment at ten years’ confinement in the Institutional Division of the Texas Department of Criminal Justice; the trial court sentenced him accordingly.  Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) 
by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Although Appellant was given an opportunity to file a pro se brief, he has not done so.

After an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record.
(footnote: 3)  Only then may we grant counsel’s motion to withdraw.
(footnote: 4)
 We have carefully reviewed counsel’s brief and the record.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support the appeal.
(footnote: 5)  Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: February 26, 2009

FOOTNOTES
1:
See
 Tex. R. App. P. 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays v. State,
 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

4:
See Penson v. Ohio,
 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). 

5:
See Bledsoe v. State,
 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).